UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

FREDY GRAMAJO, No. 08-11951

                Debtor(s).
_____/

Memorandum re Standing to Bring Stay Relief Motion
_____

      Debtor Fredy Gramajo filed his Chapter 13 petition on September 17, 2008. He duly scheduled Countrywide Home Loans as having a first position deed of trust in his residence at 108 La Brea Way, San Rafael, California, securing an obligation in the amount of $540,000.00. The schedules stat that the value of the property is $500,000.00. Gramajo's plan, which has yet to be confirmed, calls for him to make postpetition payments to Countrywide as they come due.

      On February 24, 2009, Creditor Mortgage Electronic Registration Systems, Inc., ("MERS") filed a motion for relief from the automatic stay. It alleged that it is the named beneficiary under the deed of trust and seeking to foreclose on the property. Gramajo objected, arguing that it is "unclear who is the current holder of the Note at this time" and, accordingly, the court should either deny the motion or at least set an evidentiary hearing on this issue. Gramajo did not contest the allegations that there is no equity in the property and that he is not making postpetition payments even though his plan calls for them.

      In response to the objection, MERS filed an amended declaration identifying Countrywide

1

Home Loan Servicing as an additional moving party and alleging that the Bank of New York currently holds the note and that Countrywide is the duly authorized agent of both the note holder and the beneficiary under the deed of trust and is authorized to bring actions on behalf of both.

To the extent that the standing issue is properly raised in a stay relief motion, the court disagrees with Gramajo's assertion that MERS bears the burden of proof. Section 362(g) of the Bankruptcy Code provides that the party requesting stay relief has the burden of proof on the issue of the debtor's equity in property and the party opposing stay relief has the burden of proof on all other issues. Gramajo has produced no evidence to refute the declaration in support of the motion, and his own schedules are entirely consistent with that declaration. Accordingly, there is no need for an evidentiary hearing.

More fundamentally, however, it is not appropriate for the court to decide the rights of either party in a stay relief motion. Rule 7001 of the Federal Rules of Bankruptcy Procedure requires an adversary proceeding to determine rights in property or obtain declaratory relief. " Relief from stay hearings are limited in scope to adequacy of protection, equity, and necessity to an effective reorganization; the validity of underlying claims is not litigated. In *re Johnson*, 756 F.2d 738, 740 (9th Cir.1985), cert. denied, 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985). Stay relief hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim. *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 32 (1st Cir.1994)." *In re Robbins*, 310 B.R. 626, 631 (9th Cir. BAP 2004).

For the foregoing reasons, the court will grant the motion if Gramajo has not become current in his postpetition payments within 45 days. The order will make it clear that the court is not adjudicating whether the moving parties have the right to foreclose, but merely allowing that right, to the extent it exists under non-bankruptcy law, to be exercised. The debtor shall retain all rights to injunctive relief and damages for slander of title if he can show that MERS is acting unlawfully; those are issues for an adversary proceeding or a lawsuit in another forum, not a stay relief motion.

Dated: April 24, 2009

                                                Alan Jaroslovsky
                                                U.S. Bankruptcy Judge